**Carlos Eloy Martinez REYES; et al., Petitioners,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

\* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

**Eduardo Jose Hureta Dominguez, Petitioner,**

v.

**Alberto R. Gonzales, Attorney General, Respondent.**

Nos. 06–70561, 06–72990.

United States Court of Appeals, Ninth Circuit.

Submitted April 16, 2007 \*.

Filed April 24, 2007.

Carlos Eloy Martinez Reyes, Tustin, CA, pro se.

Maria Merced Dominguez Cruz, Tustin, CA, pro se.

Eduardo Jose Hureta Dominguez, Tustin, CA, pro se.

CAC–District Counsel, Esq., Office of the District Counsel, Department of Homeland Security, Los Angeles, CA, Ronald E. LeFevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Richard M. Evans, Esq., David E. Dauenheimer, Esq., DOJ—U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: O'SCANNLAIN, GRABER, and BEA, Circuit Judges.

MEMORANDUM \*\*

Carlos Eloy Martinez Reyes, Maria Merced Dominguez Cruz, and their son Eduardo Jose Hureta Dominguez seek review of an order of the Board of Immigra-

\*\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

tion Appeals ("BIA") upholding an immigration judge's ("IJ") order denying their application for cancellation of removal in No. 06–70561. Eduardo Jose Hureta Dominguez also seeks review of the denial of his motion to reopen removal proceedings in No. 06–72990. We review for abuse of discretion the denial of a motion to reopen, *see Iturribarria v. INS*, 321 F.3d 889, 894 (9th Cir.2003), and review de novo claims of constitutional violations in immigration proceedings, *see Ram v. INS*, 243 F.3d 510, 516 (9th Cir.2001). We dismiss in part and deny in part the petition for review in No. 06–70561, and we deny the petition for review in No. 06–72990.

We lack jurisdiction to review the BIA's discretionary determination that the petitioners failed to show exceptional and extremely unusual hardship to a qualifying relative. *See Romero–Torres v. Ashcroft*, 327 F.3d 887, 892 (9th Cir.2003). The petitioners' contention that the BIA's hardship determination violated due process fails to state a colorable constitutional claim. *See Martinez–Rosas v. Gonzales*, 424 F.3d 926, 930 (9th Cir.2005) ("traditional abuse of discretion challenges recast as alleged due process violations do not constitute colorable constitutional claims that would invoke our jurisdiction.").

The BIA did not violate due process by refusing to address whether Maria established continuous physical presence because the hardship determination was dispositive. *See* 8 U.S.C. § 1229b(b)(1); *Romero–Torres*, 327 F.3d at 889 (noting that an applicant must establish continuous physical presence, good moral character and hardship to a qualifying relative to be eligible for relief).

The BIA did not abuse its discretion by denying Eduardo's motion to reopen, because the BIA considered the evidence he submitted and acted within its broad dis-

cretion in determining that the evidence was insufficient to warrant reopening. *See Singh v. INS*, 295 F.3d 1037, 1039 (9th Cir.2002) (The BIA's denial of a motion to reopen shall be reversed if it is "arbitrary, irrational, or contrary to law."). Additionally, the BIA's interpretation of the hardship standard fell within the broad range authorized by the statute. *See Ramirez–Perez v. Ashcroft*, 336 F.3d 1001, 1004–1006 (9th Cir.2003).

Eduardo's contention that the BIA violated due process by applying the wrong standard in denying the motion to reopen is unavailing.

**PETITION FOR REVIEW in No. 06–70561 DISMISSED in part; DENIED in part.**

**PETITION FOR REVIEW in No. 06–72990 DENIED.**